UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

Cause No # 3:20-cv-91-RLY-MPB

**FILED**

**1:19 pm, Apr 16, 2020**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

Lisa Miller

PLAINTIFF:

V.

Richard Miller INDIVIDUALLY,
AND AS Personal Representative
of the Estate of Edward J. Miller
KAREN CALDEMEYER, REBECCA SCHIPP
AND CLESTA SCARBOROUGH

Defendants:

Appeal From: Special Judge
Warrick Superior Court #1
Cause No # 87D02-1503-EU-
-000034
Special Judge: THE
Honorable Judge
J. ZACH WINSETT

Appeal From:
INDIANA COURT OF APPEALS
Cause No # 87A05-1706-EU-1320

Appeal From: The Trial
Court OF:
WARRICK Superior Court
No #2
Cause No # 87D02-1503-EU-
000034
The Honorable Judge
Robert R. AYLSWORTH

PAge 1

# PARTY INFORMATION

Lisa A. Miller
414 W. Locust St.
Boonville, IN 47601

Plaintiff ProSe

- - - - - - - - - - - - - - -

Richard L. Miller
P.O. Box 92
Fulda, IN. 47536

Karen Cablemeyer
6915 E Washington Street
P.O. Box 17
STENDAL, IN 47585

Rebecca Schipp
677 East 300 North
Jasper, In 47546

Clesta Scarborough
1415 Burdette Ave
Evansville, IN. 47546

THE DEFENDANTS ABOVE:

Previous Attorneys
For the Defendants

STEVEN K Deig, LLC
5615 E Virginia St.
Evansville, IN 47715
Attorney

Erin Bauer
BARBER AND BAUER, LLP
123 N.W. Fourth St,
Suite 402
Evansville, IN 47708

page 2

# VERIFIED COMPLAINT

That the Plaintiff Lisa A. Miller Comes Now to state the following. That the Plaintiff Lisa A. Miller is a Natural born citizen of the United States of America, and is from the Southern district of the State of Indiana, from the County of WARRICK, and from the City of Boonville, Indiana. The Plaintiff comes to this Court to Request Redress of grievances set forth within this Complaint.

The Plaintiff brings this action under, and pursuant to 18 U.S. Code § 242 Deprivation of Rights under color of Law, and 28 U.S. Code § 1443 Civil Rights Cases.

The Plaintiff brings this action as such because federal issue's are involved which are Constitutional issues. These issues are a guarantee Entitled Rights pursuant to Federal Law pursuant to the U.S. Constitution and The Bill of Rights under and pursuant to Federal Law. That the Amount in Action in this Case is over $100,000.00 — Jurisdictional Amount.

page 3

The Plaintiff also brings this Action as such because her civil Rights have been Violated, and her God given Rights have been violated and the Plaintiff has been denied her guaranteed entitled Rights under and pursuant to the Due Process of Law and thus the Plaintiff has been damaged and injured, and impaired from her Claim as a Heir at Law to The Estate of Edward J. Miller, the Plaintiffs Father's Estate.

This Case involves is a Civil Will Contest.

The Plaintiff states that the Current Judgment is a Mistake of Law, Unconstitutional, and is a Void Judgment From the Start of the order of Judgment pursuant to the following

1) That the Court did not have Subject Matter Jurisdiction

2) That the Judgment is Unconstitutional

3) Res judicate does not apply as the Court did not have Subject Matter Jurisdiction

4) The Plaintiff HAD AND HAS STANDING From The Start

5) Genuine Issue of Material FACT Is PRESENT

Page 4

6) No Ajudication: on Lisa Millers

   Life Insurance Policy that was put
   to the Estate of Edward J. Miller
   (here Lisa owns this Policy) - HAVE PAPERS
   FRAUD ON THE COURT

7) Trial Rule 58 (b)(1) Entry of Content
   of JUDGMENT IS REQUIRED AND
   MANDATED! - NO ENTRY BY JUDGE

8) NO TIME LIMIT ON FRAUD ON
   THE COURT. (8 is in #6 - No Ajudication)

Page 5

1) <u>Subject Matter Jurisdiction</u>

a) Subject matter Jurisdiction Can be Challenged at Any time and it is Not Subject to the thirty-Day Time Limit Required by 28 U.S.C. § 1447 (c)

(b) That Subject Matter Jurisdiction once challenged, Can Not be Assumed, And must be decided.

(c) Hene Consent of the parties Can Not Allow subject matter jurisdiction to A Court. Unlike personal jurisdiction, which the court Can Obtain upon A parties consent, or failure to Object, Lack of Subject Matter jurisdiction is Never Waivable, either the Court has it, or Can Not Assert it. Case Law: Mottley, 211 U.S. 149 (1908).

(d) A Judgment from A Court that did Not have subject matter jurisdiction is forever A Nullity.

(e) Hene in this Case the Court Lacks the Ability to Assert the Subject Matter Jurisdiction because genuine issue of material Fact is present, And because pursuant to Federal Statue of 7th Amendment under The U.S. Constitution, Indiana Constitution Anticle 1, sec 20, Indiana Trial Rule 38 it Was Require to Jury Trial By Right.

page 6

1 (F) Trial Judge may not weigh the evidence in a summary Judgment even where the facts are undisputed.

" Letson v. Low Master ( 1976) 168 Ind. App. 159, 341 N.E. 2d 785 "

1 (g) A will Contest in the State of Indiana is a common Law Right by way of Statue under The Indiana Constitution Bill of Rights Article 1, sec 20

1 (H) Also A Will Contest in the State of Indiana is A common Law Right under Indiana Trial Rule 38 -"Jury Trial of Right"!

1 (i) The Plaintiff demanded a Jury Trial in Her filing of Complaint in the Will Contest to the Trial Court, And to the defendants by the Complaint, And through the service of that Complaint on the Defendants

1 (j) The Plaintiff Did Not Waive Her guaranteed Rights. No Signed Written Waiver by the Plaintiff.

Page 7

1) CASE LAW: Summary Judgment

The Trial Judge may Not weigh the Evidence In A summary Judgment Proceeding EVEN where the Facts Are undisputed, The Ability to draw From these conflicting inferences which would Alter the outcome will MAKE summary Judgment inAppropriate.

Letson v. Lowmaster (1976) 168 Ind. App. 159, 341 N.E. 2d. 785

## THE JUDGMENT IS UNCONSTITUTIONAL, MISTAKE OF LAW

2. That the judgment here is A Mistake of Law.

That the judgment here is Unconstitutional.

That the judgment here Contradicts Federal, And STATE LAW Pursuant to the following:

2.(a) The United States of America's Constitution pursuant to the Bill of Rights.

Pursuant to the 7th Amendment, "The Right of trial By Jury. Pursuant to a guaranteed, entitled Right.

2(b) The United State of America's Constitution pursuant to the guaranteed, entitled Right by way of the 14th Amendment "The Right to Due Process by LAW

2 (c) The United States of America's Constitution pursuant to the guaranteed, entitled Right by way of the 5th Amendment - "Nor be deprived of Life, Liberty, or property without due process of LAW."

2 (d) The United States of America's Constitution pursuant to the guaranteed, entitled Right by way of the 1st Amendment - Free speech, Abridging the Right of free speech, And to petition the government for A Redress of Grievances.

Page 9

## The Judgment is UnConstitutional, MISTAKE OF LAW

2) (e) That the Judgment here Contradicts And is A mistake of Law pursuant to Indiana State Law pursuant to the Indiana Constitution Bill of Rights Article 1, Sec 20 - Jury Trial by Right which is A guaranteed entitled Right in A Civil Case.

2) (f) Indiana Trial Rule 38. Which this Rule is A Common Law Right under A Will Contest in the State of Indiana.

2) (g) Indiana Trial Rule 1

The Plaintiff Lisa Miller's guaranteed entitled Rights have been violated pursuant to the following Rules of Law: Pursuant to Federal Law:

The United States Constitution
Bill of Rights:

2) The 7th Amendment: Rights in Civil Cases
7th Amendment- "In suites at common Law, where the value in controversy shall exceed twenty dollars, the Right of Trial by Jury shall be preserved," and no fact tried by a Jury shall be otherwise reexamined in any court of the United States than according to the Rules of the common Law

2) The 14th Amendment: Due Process Clause
" No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws

page 11

The Plaintiffs Lisa Miller Guaranteed entitled Rights have been violated pursuant to the following Rules of Law: Pursuant to Federal Law:  The United States Constitution: Bill of Rights:

2 ) The 5th Amendment:
Protection of Rights to Life, Liberty, And Property:
" Nor be deprived of Life, Liberty, or Property, without due process of the Law."

2 ) The 1st Amendment: Freedom of Religion, Speech, And Press:

2 a ) 1st Amendment: The Freedom of Speech

2 b ) 1st Amendment: The Right to petition the government for A Redress of the grievance

2 , The United States Constitution:
The Supremacy Clause: (Article VI, Clause 2) establishes that the Constitution, Federal Laws made pursuant to it, And treaties made under its authority, constitute the supreme Law of the Land And thus take priority over Any conflicting State Laws.

The Plaintiff Lisa Miller guaranteed Rights here have been violated pursuant to the following Rule of LAW:

1) Indiana Constitution
   Article 1. Bill of Rights
   Sec 9. Freedom of thought and speech

Sec 9. " No Law shall be passed, Restraing the free interchange of thought and opinion, or "Restricting the Right to speak, write, or print, freely on any subject whatever: but for the abuse of that Right, every person shall be Responsible."

2) Indiana Constitution
   Article 1: Bill of Rights
   Sec 12: Openness of the Courts, speedy Trial

Sec 12: All Courts shall be open, and every person, for injury done to him in his person, property, or Reputation, "shall have Remedy by due course of Law." "Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

Plaintiff Lisa Miller guaranteed
entitled Rights have been violated pursuant to:

2 Indiana Constitution

    Article 1: Bill of Rights

    sec 20 - Civil Cases --- Right of trial by Jury

sec 20. In ALL Civil Cases, the Right of trial

by Jury shall Remain inviolate.

    Plaintiff Rights Violated pursuant to:

2 Indiana Trial of Procedural Rules:

a) Indiana Trial Rule 38

b) Indiana Trial Rule 58

c) Indiana Trial Rule 1

page 14

Judgment UnConstitutional

☒ 2) United States Constitution: The Supremacy Clause (Article VI Clause 2), establishes that the Constitution, federal Laws made pursuant to it, and treaties made under its Authority, constitute the "supreme Law of the hand", and thus take priority over any conflicting state Laws.

(Article VI) - This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the Supreme Law of the Land; and the judges in every state shall be bound there by, Anything in the Constitution or Laws of any State to the Contrary Notwithstanding.

Thus Here the 7th Amendment takes precedent As well As All United States Constitution Amendments including All of the Bill of Rights.

Thus Here The Plaintiff demands her Right guaranteed, and entitled to her to A Jury Trial By Right pursuant to LAW.

2) Article VI, (Article 6 - Prior Debts, National Supremacy, Oath of - offices).

3.) Sec 3:- Oaths of office

Sec 3, The Senators, And Representatives before mentioned, And the members of the several State Legislatures, "And all executive, And judicial officers, both of the United States And of the several States, Shall be bound by Oath, or Affirmation, to support this Constitution;" but no Religious Test shall even be Required As A Qualification to Any office or public Trust under the United States.

2) Article XIV - (14 Amendment - Rights Guaranteed:- Privileges And Immunities of Citizenship, Due Process, And Equal Protection.)

1) "All persons born or Naturalized in the United States, And subject to the jurisdiction there of, Are citizens of the United States And of the State where in they Reside. No State shall make or enforce Any Law which shall Abridge the privileges, or immunities of citizens of the United States; Nor shall Any State deprive Any person of Life, Liberty, or property, without due Process of Law; Nor deny to Any person within its jurisdiction the equal Protection of the Laws."

Page 16

3) Here Resjudicate does Not Apply because

  1) The Court did not have subject matter jurisdiction

  2) The former judgment here is Not Final As it is unconstitutional by Rule of Law And therefore the Ruling is illegal, And therefore it is A Mistake of Law

  3) The judgment is not on the merits

  4) Thus the Judgment is A Void Judgment From The start And is Null And Void Forever.

4) <u>STANDING</u>

4.a) Indiana Probate Law Title 29 Provides clear understanding. Indiana Probate Code § 29-1-7-17 here shows that any interested person may contest the validity of any will.

Indiana Probate Code § 29-1-7-17 provides that "[A]ny interested person may contest the validity of any will in the Court having jurisdiction over the probate of the will. . . . see NICKERSON V. Hoover 70 Ind. App. 343, 115 N.E. 588, 590 (1917). (Heir Refers to those on whom the Law Cast Inheritance in the Absence of a will)

HERE The Plaintiff is the daughter of Edward J. Miller.

Thus The Plaintiff is a interested person who has STANDING AND HAS HAD STAND FROM THE VERY START.

4) STANDING

4. (b) No Hearing over STANDING

Indiana Probate Code § 29-1-6-6 sec (a)

" At ANY Time During the Administration of A decedents estate the personal Representative, or " ANY interested person " MAY Petition the Court to determine the heirs of said decent, And their " Respective interests" in the estate, on ANY part there of." Upon the filing of the petition the Court Shall fix the time For the Hearing there of." § 29-1-6-6 sec (a)

4) (C) The Plaintiff was Never given A Hearing over Standing in the Trial Court

4 (d) The Plaintiff Filed Petition under and pursuant to Indiana Code § 29-1-6-6 sec (a) to The Indiana Appeals Court during her Appeal And was denied to A Hearing over Standing, And — determination of Heir, And determination of interest to the Estate of Edward J. Miller

4 (i) Thus violates The Plaintiffs Right to Due Process.

page 19

4) NO HEARING ON STANDING

4 (.) NO HEARING ON Standing by the Trial Court

4 (b) Petition. Here was sent to the Indiana Appeals Court Requesting A HEARING ON STANDING
INDIANA Appeals Court Denies the Plaintiff the Right to Determine STANDING
Petition was denied here by Indiana Appeals Court

Here This violates the Plaintiffs Due Process here. Here How does one determine Standing If You Dont Have A Hearing over STANDING where testimony And evidence here by can be given. How can you even determine A Partys STANDING. ANSWER You CANT
Here the Plaintiff was entitled to A Hearing over STANDING Pursuant to Indiana Probate Code
Ind. Code § Title 29 Probate § 29-1-6-6
(a) At Any time during the administration of A decedents estate, the personal Representative or Any interested person may petition the Court to determine the heirs of said decedent And their Respective interests in the estate or Any Part there of. Upon the filing of the petition the court shall fix the time for the hearing there of.
Here Lisa Miller was entitled to A HEARING ON STANDING. Here Thus The violate Due Process of LAW.

page 20

(5)  Genuine Issue of Material Fact

5) That genuine issue of Material Fact Is Present in this Case. The genuine issue of Material Fact is:

5 (a) The Plaintiff has STANDING !

5 (b) The Decendent "did not Know his own propent" evidence "Letter of Abandoned propent mailed to the decendent From BANK - Wannick Federal Credit Union

5 (c) The Decendant diagnosed by licensed Medical doctor's, And Psychiatrist MD evidence-Medical statement with Diagnosis of Alzheimens, Dementia

Here in this Case Genuine Issue of Material Fact is Present As Such Summary Judgment here CAN NOT STAND. Hence the Summary Judgment Order is a Mistake of Law

PAGE 21

6) No Adjudication on Lisa Millens Life Insurance Policy which has been put to the Estate of Edward J. Millen.

1) Here A FINAL Order Can Not be Given If Not All the issues within the Case have Not been Resolved.

2) Lisa Millen owns this Life Insurance Policy, And is the insured on the Policy through State Farm

3) The Defendants Do Not Enter the "Lisa Millens Life Insurance Policy" but were Required to do so by Probate Law of Indiana As this Policy WAS A Cash Proceed to the Estate here of Edward J. Millen. Here the Defend- ants does not enter it into the inventory - the Rep of the Estate yet Claims they have Entered Everything into the Inventory - Richard Millen, And Attorney here committ perjury, and ommitt evidence From the Record Here which Gives the PLAintiff STANDING. HERE THIS IS FRAUD ON THE COURT.

Page 22

(T) Trial Court of WARRICK SUPERIOR COURT
Judge Robert R AYLSWORTH THE HONORABLE
Judge Here Does Not Comply with Trial
Rule 38, And Trial Rule 58(b)(1) —
Entry of Content of Judgment. He does
not give the Required And Mandate of How
He comes to his desicion.

1) How He comes to his decision
2) THE Submission of the Claim  Not Listed
3) THE Submission of How the Claim was
    PLEAD WAS NOT LISTED.
4) THE CONSTITUTIONAL ISSUES WERE
    NOT LISTED IN THE ORDER AND
    FINAL JUDGMENT
5) DOES NOT GIVE THE MANDATED REQUIRED
    BY TRIAL RULE 58
6) Question: How Long has he Been on the
    bench AS A Judge ? Answer: Very Long time!

(8) No Time Limit on FRAUD on THE COURT

page 23

THE LAW of Void Judgments
   AND Decisions
Supreme Court Decisions on
   Void Orders

CASE LAW:

A Judgment MAY Not be Rendered in Violation of Constitutional Protections. The Validity of A judgment may be affected by A failure to give the Constitutionally Required DUE PROCESS Notice AND AN opportunity to be heard.

Earl v. McVeigh, 91 US 503, 23 L Ed. 398

A Void Judgment is Not entitled to the Respect Accorded A Valid Adjudication, but MAY be entirely disRegarded, or declared inoperative by ANy tribuNAL in which effect is sought to be given to it. It is Attended by None of the consequences of A Valid Adjudication. It hAS No Legal or Binding force or efficacy for ANY purpose or At ANY place... It is Not entitled to enforcement. All proceedings founded on the Void judgment Are themselves Regarded AS Invalid 30 A AM JuR Judgments "44, 45

Page 24

Case Law: Supreme Court Decisions on Void Judgments

Every person is entitled to an opportunity to be heard in a court of law upon every Question involving his Rights or interests, before he is affected by any judicial decision on the Question.

Earle v McVeigh, 91 U.S. 503, 23 L Ed 398.

An Order that exceeds the jurisdiction of the court, is void, or voidable, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue. (see Rose v. Himely (1808) 4 CRANCH 241, 2 L ed 608; Pennoyer v. Neff (1877) 95 U.S. 714, 24 L ed 565; Thompson v. Whitman (1873) 18 Wall 457, 21 I ED 897; Windsor v. McVeigh (1876) 93 US 274, 23 L ed 914; McDonald v. Mabee (1917) 243 U.S. 90, 37 SCt 343, 61 L ed 608. U.S. v Holtzman, 762 F. 2d 720 (9th Cir. 1985)

page 25

Case LAW: Supreme Court Decision on Void Judgments

It is a fundamental doctrine of LAW that a party to be affected by a personal judgment must have his day in Court, and an opportunity to be heard. Renaud v. Abbott, 116 U.S. 277, 29 L Ed 629, 6 S Ct 1194.

A Judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his Rights. Sabariego v. Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461, and is not entitled to respect in any other tribunal.

A Void judgment does not create any binding obligation. Federal decisions addressing void state court judgments include Kalb v. Feuerstein (1940) 308 US 433, 60 S Ct 343, 84 L Ed 370; Ex parte Rowland (1882) 104 U.S. 604, 26 L Ed. 861:

PAGE 26

CASE LAW: Supreme Court Decision on Void Judgments
If a court grants Relief, which under the circumstances it hasn't Any Authority to grant its judgment is to that extent void. (1 Freeman on Judgments, 120c.) "A void judgment is No judgment At All And is without Legal effect. (Jordon V. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974) "A court must vacate Any judgment entered in excess of its jurisdiction. (Lubben V. Selective Service System Local B.d. No. 27, 453 F.2d 645 (1st Cir. 1972).

A void judgment does Not create Any binding obligation. Federal Decisions Addressing void state court judgments include Kalb V. Feuerstein (1940) 308 US 433, 60 SCt 343, 84L ed 370. Federal judges issued orders permanently barring Stich from filing Any Papers in Federal courts. After Judges Robert Jones And Edward Jellen corruptly seized And started to liquidate Stich's Assets, Judge Jones issued An unconstitutional order barring Stich from filing Any objection to the seizure And liquidation.

## RELIEF REQUESTED

The Plaintiff Respectfully demands here her Rights be upheld.

1) The Plaintiff Request that the Judgment, and Orders be Vacated and Ruled to be A Void Null Judgment

2) The Plaintiff demands her Right to A Jury Trial By Right!

3) The Plaintiff wants her Life Insurance Policy back.

4) The Plaintiff Request that her Videos of her Family and the 8mil meter projector be given to Lisa Miller as was so ordered by Judge Robert R. Aylsworth in the first Hearing over 3 years Ago.

5) The Plaintiff seeks Damages for Cruel, and Unusual Punishment for this whole Nightmare

VERIFICATION OF AFFIRMATION

I Lisa A. Miller Affirm, under the Penalties of Perjury that the foregoing Representations ARE True To the Best of my ABILITIES, AND KNOWLEDGE

Plaintiff Pro Se
Lisa A Miller
414 W. Locust St
Boonville, IN. 47601
812-202-0373
812-602-9505

page 29

_SIGNATURE BLOCK_

Respectfully submitted

_[signature]_

Lisa A. Miller
Plaintiff, Pro Se

Lisa A. Miller
414 W. Locust St,
Boonville, IN 47601

Phone   812-202-0373
        812-602-9505

No: Facsimile
No: Email

_[signature]_

Plaintiff, Pro Se

page 30

## CERTIFICATE OF SERVICE

I Lisa A Miller swear And Affirm that I Am Requesting the U.S. Marshalls of the United States District Court of Southern Indiana to here by Serve the following - Defendants in the Complaint, And that As I have Requested Pauper Status As A Pro Se that the Civil Rules of the Court here Require that Service be made by the U.S. Marshalls.

Lisa A. Miller
414 W. Locust St
Boonville In 47601
812-202-0373

Page 31